EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

LOUIS A. BRACCO
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  lou.bracco@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII


| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00065 HG |
|---|---|---|
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S SENTENCING |
| | ) | STATEMENT; EXHIBIT A; |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| SEAN SMITH, | ) | Date:  June 1, 2006 |
| Defendant. | ) | Time:  1:30 p.m. |
| _____ | ) | Chief Judge:  Helen Gillmor |


GOVERNMENT'S SENTENCING STATEMENT

A.   INTRODUCTION

Defendant Sean Smith ("Smith") appears before this

Court for sentencing upon his guilty plea.  On November 28, 2005,

Defendant Smith pled guilty to conspiracy to distribute/possess

with intent to distribute in excess of 500 grams of a

methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1)

and 846.

B.   <u>DISCUSSION</u>

Government counsel has reviewed the draft Presentence Report ("PSR") prepared by U. S. Probation Officer Rosanne Donohoe dated April 5, 2006.  We agree with the factual information contained in the Presentence Report, however, <u>we strongly disagree with the calculation of the base offense level</u> as level 32.  As we explain below, it is abundantly clear that the appropriate base offense level for Defendant Smith is level 38.

Frankly, we are surprised, amazed, and otherwise incredulous with the PSR's recommendation of base level 32, especially in view of this Court's previous base offense level determinations of level 38 for co-conspirators Jack Frisbee, Roy Fribee, and Doug Farias in Cr. No. 03-00200 HG.  AS the Court will doubtless recall, the base level of 38 for the Frisbee brothers and Doug Farias was based upon accomplice witness debriefing information, trial testimony, and, a special jury verdict as to drug quantity - made beyond a reasonable doubt - finding that the charged conspiracy involved more than 15 kilograms of (generic) methamphetamine, <u>and</u>, more then 1.5 kilograms of "ice" (see Roy Frisbee special verdict form as to Count 1 attached as Exhibit A).

<u>Either</u> of the above drug quantity findings necessarily translates to a base offense level 38.  Thus as to Defendant

Smith, the testimony of Jack Frisbee, testimony of Doug Farias, and the jury's special finding in the Roy Frisbee trial, taken together, <u>compel</u> the conclusion that Defendant Smith should be accountable for all the drugs the Frisbee brothers distributed, since Smith was the <u>source</u> of the Frisbee brothers drugs during the conspiracy.

And beyond this, simple arithmetic -- using just the facts reported in the PSR -- shows that more than 1.5 kilograms of "ice" was <u>seized</u> during the conspiracy.  A quantity of 445.4 grams of "ice" was seized from named co-conspirator(s) Doug Farias (PSR ¶ 11); 1039.8 grams of "ice" from Roy Frisbee (PSR ¶ 12); and, 307.95 grams of "ice" from Anthony Valentin (PSR ¶ 15). These three "ice" seizures <u>alone</u> add up to 1793.1 grams -- more than 1.5 kilograms (level 38) of "ice."  All of this "ice" was provided by Defendant Smith.

The failure of the PSR to hold Defendant Smith accountable for these drugs (particularly because transcripts of the Frisbee trial witnesses were previously made available to Probation) is beyond our comprehension, and manifestly, wrong. Accordingly, the base offense level for Defendant Smith should be level 38.

C.   MOTION FOR ONE-LEVEL "SUPER ACCEPTANCE"
     <u>CREDIT PURSUANT TO GUIDELINE § 3E1.1(b)(2)</u>

The United States Attorney acknowledges that the defendant's agreement to plead guilty and enter a guilty plea

were noticed in a timely manner, so as to permit the government

to avoid preparing for trial as to the defendant.  Accordingly,

we herein move for a one-level reduction in sentencing offense

level pursuant to guideline § 3E1.1(b)(2), as the defendant

appears eligible for this benefit.  PSR § 31 has already credited

the defendant with this one-level reduction.

D.   NOTICE OF PROSPECTIVE DEPARTURE MOTION

Defendant Smith has pled guilty pursuant to a written

plea agreement which provides for cooperation/testimony.

Accordingly, a downward sentencing departure motion may be

warranted upon cooperation provided/to be provided by defendant.

DATED:  April 10, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By   /s/ Louis A. Bracco
   LOUIS A. BRACCO
   Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

SHAWN PEREZ, ESQ.
shawn711@msn.com

Served by hand-delivery:

ROSANNE DONOHOE
U.S. Probation Office
300 Ala Moana Boulevard
Honolulu, HI   96850

DATED:  April 10, 2006, at Honolulu, Hawaii.


    /s/ Dawn M. Aihara